### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION
### CHAPTER 13 PLAN

Debtor(s): Ramon Enrique Castillo          Case No.: _____
           Alicia Ester Castillo

[___ Amended (if applicable)] Chapter 13 Plan

**1. MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor[1] to pay to the Trustee for the period of months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditor's pro-rata under the plan:

A.  $ 176.00    for months   1   to   60  ;
B.  $_____  for months _____ to _____;
C.  $_____  for months _____ to _____; in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE:** $ 3,250.00     TOTAL PAID $ 1,500.00

Balance Due $ 1,750.00    Payable Through Plan  $100.00 Monthly

**3. PRIORITY CLAIMS: [AS DEFINED IN 11 U.S.C. §507]**

**Name of Creditor**                                                          **Total Claim**

_____

_____

_____


**TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

---

[1] All references to "Debtor" includes and refers to both of the debtors in a case filed jointly by two individuals.

| Name of Creditor | Collateral | Adequate Protection Payment in Plan |
|---|---|---|
| | | |
| | | |

**(A) Claims Secured by Real Property Which Debtor Intends to Retain / Mortgage Payments Paid Through the Plan:** Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Security | Collateral | Estimated Payment |
|---|---|---|---|
| | | | |
| | | | |

**(B) Claims Secured by Real Property Which Debtor Inted(s) to Retain / Arrearages Paid Through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor | Security | Collateral | Arrearages |
|---|---|---|---|
| Estaury of Marco, Inc c/o William G. Morris | Condo Fees | 2175 San Marco Rd, #1-204 Marco Island, FL 34145 | $6,131.04 |

**(C) Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| Name of Creditor | Collateral | Ad. Prot. Pmt. | Sec. Balance | Interest Rate ____ % |
|---|---|---|---|---|
| | | | | |
| | | | | |

**(D) Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

| Name of Creditor | Collateral | Ad. Prot. Pmt. In Plan | Value | Interest Rate ___ % |
|---|---|---|---|---|
| | | | | |
| | | | | |

**(E) Claims Secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

| Name of Creditor | Collateral | Ad. Prot. Pmt. In Plan | Arrearages |
|---|---|---|---|
| | | | |

**(F) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral |
|---|---|
| Suntrust | 2009 Toyota Matrix |
| Wells Fargo | 2175 San Marco Rd., #1-204, Marco Island, FL 34145 |

**(G) Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any applicable codebtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral to be Surrendered |
|---|---|
| CFI Resorts Mgmt, Inc | Timeshare Westgate Villas |

## SECURED - LIENS TO BE AVOIDED/STRIPPED:

| Name of Creditor | Collateral | Estimated Amount |
|---|---|---|
| Bank of America | 2127 San Marco Rd., #1-204, Marco Island, FL 34145 | $40,000.00 |

## LEASES/EXECUTORY CONTRACTS:

| Name of Creditor | Property | Assume/Reject and Surrender | Estimated Arrears |
|---|---|---|---|
| | | | |

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $ 1,610.00 .

**OTHER PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amount listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the court orders otherwise.

_____  Dated: 10/27/10
Debtor

_____  Dated: 10/27/10
Debtor